No. 6298.—Roig Commercial Bank, apldo. *v.* Merced et al., apltes.—C. D. Humacao. ▮ Marzo 31, 1933.

(Por la corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, la corte de distrito dictó sentencia en el presente caso declarando con lugar la demanda en sus dos causas de acción y condenando "al demandado Isabel Merced a pagar a la demandante, Roig Commercial Bank, la suma de mil cuatrocientos dollars, im-

porte del pagaré a que se refiere la primera causa de acción con interés a razón del doce por ciento anual desde el veinte y seis de julio de 1931 hasta su definitivo pago, juntamente con las costas y doscientos diez dollars ($210) expresamente convenidos para honorarios de abogado, condenándose también al demandado a pagar a la demandante la suma de trescientos veinte y dos dollars cuarenta y ocho centavos, importe del pagaré objeto de la segunda causa de acción, con interés a razón del doce por ciento anual, desde el 26 de julio de 1931 hasta la fecha del pago definitivo, juntamente con las costas y setenta y cinco dollars expresamente convenidos para honorarios de abogado,'' todo ello por los motivos expresados en una relación del caso y opinión que lee en parte como sigue:

''En este caso reclama el demandante el importe de un pagaré suscrito el veinte y seis de julio de mil novecientos veinte y nueve a cuatro meses plazo, con interés al doce por ciento anual después del vencimiento, y el importe de otro pagaré por trescientos veinte y dos dollars cuarenta y ocho centavos, suscrito en la misma fecha a cuatro meses plazo, con interés al doce por ciento en caso de demora, y en la demanda se alega que ambos pagarés fueron prorrogados hasta el veinte y seis de julio de mil novecientos treinta y uno y que no han sido satisfechos el capital ni los intereses.

''El demandado contestó la demanda aceptando la capacidad del banco demandante, que suscribió y entregó los pagarés y alegó como defensa que no los ha satisfecho porque convinieron un nuevo contrato de préstamo, el cual elevaron a documento público según la escritura número noventa y ocho ante el notario Francisco González, Jr., y establece como reconvención que vencidas ambas obligaciones convinieron un contrato de compraventa de las fincas hipotecadas; que estuvieron en Humacao dispuestos a otorgar la escritura y que el demandante valiéndose de subterfugios no cumplió con dicho convenio, ocasionándole daños y perjuicios por la suma de tres mil dollars.

''Señalado el día de hoy para la práctica de la prueba, por el resultado de ésta la corte estima que se han probado todos los hechos esenciales de la demanda; que la fecha señalada para el pago ha expirado y que si bien es verdad que las partes celebraron un convenio para dar en pago de esas dos obligaciones y otras que aparecían de la escritura de hipoteca número noventa y ocho ante el notario Francisco González, Jr., presentada como prueba, las fincas hipotecadas, lo cierto es que dicha escritura no se firmó porque el demandado en el acto de firmarla exigió que se incluyeran en dicha escritura dos obligaciones que tenía suscritas a favor del banco en unión de don Nicasio Santiago y de don Francisco Franquis, las cuales no habían sido objeto de convención alguna ni estaban mencionadas en la referida escritura de hipoteca.

''La corte llega a esta conclusión por el resultado de la prueba presentada por la demandante, que le ha merecido entero crédito y corroborada por la prueba del mismo demandado.''

Por cuanto, el promovente en su moción jurada sobre desestimación expone *inter alia* ''en cuanto a la reconvención, hubo ausencia absoluta de prueba, pues Merced y su hijo declararon que el

banco no había aceptado la dación en pago de las fincas, porque se quería saldar una obligación que no estaba comprendida dentro de la escritura de hipoteca.''

POR CUANTO, lo único que alega el apelante en su escrito de oposición a la dicha moción es que ''de la prueba practicada se desprendió que había causa más que suficiente para declarar con lugar la reconvención establecida por el demandado apelante, ya que el testimonio de algunos testigos en este particular fué incontrovertido por el demandante apelado y no obstante omitidos por el juez sentenciador en sus *findings,* que unido esto a otros errores sustanciales cometidos por la corte sentenciadora sostendrían una revocación o a lo menos una modificación de la sentencia, ya que ésta en la forma que está dictada es errónea,'' y que ''la apelación interpuesta por el demandado apelante no es frívola, ni carente de base, ni tampoco se ha establecido con el fin de dilatar el cumplimiento de la sentencia y por el contrario la misma es meritoria por envolver cuestiones de derecho fundamentales, ya que la omisión de ciertos particulares en la sentencia equivalen a una violación de los principios de práctica en equidad y a una negativa de justicia sustancial.''

POR CUANTO, a falta de algo más concreto en cuanto a las declaraciones prestadas por los testigos mencionados por la apelante respecto a las omisiones hechas por el juez de distrito en su sentencia y en cuanto a las cuestiones específicas que el apelante se propone plantear ante esta corte, la apelación interpuesta contra la sentencia dictada por la Corte de Distrito de Humacao en 20 de enero de 1933 es claramente frívola.

POR TANTO, se desestima la misma.